## McGee v. Russell.

1. INTEREST: *Construction of statute: Right of joint debtor.*

Section 6401 of Mansfield's Digest, which provides that when any bond, bill or note, or any part thereof, shall be paid by the surety, the principal debtor shall refund to the surety the amount " with interest thereon at the rate of ten per cent per annum from the time of payment," applies to " sureties " in the common or technical meaning of that term, and not to a case where one joint debtor makes default in the payment of that part of the debt which he ought to pay, and his co-debtor pays the entire amount. In such case interest is recoverable only at the rate provided by law, although the obligation paid off bears a higher rate.

McGee v. Russell.

2. PARTITION: *Commissioner's report.*

In proceedings for partition of land, each party has a right to have his interest set apart in kind, so far as can be done without material detriment to the interest of the other; and where the commissioners report that they cannot make partition without great prejudice to both parties, they should state the facts on which their conclusion is based.

APPEAL from *Lafayette* Circuit Court in Chancery.
L. A. BYRNE, Judge.

*T. T. McGee pro se.*

The ninth exception, that the master only allowed six per cent interest on the part of the purchase money he paid for the lands, instead of ten, was properly overruled. There was no evidence of an agreement that he should have any interest on purchase money paid. In that case he is only entitled to what the law gives in the absence of a contract. *Mansf. Dig.*, sec. 4732.

The statute does not authorize two commissioners to make partition, but all three. The three must act. The action of two commissioners was illegal and void. *4 N. H., 53; 6 Mass., 496; 9 R. I., 442, 444; 1 Barb. Chy., 73; 37 Barb., 354; 4 Wisc., 123; Freeman on Cot. and Part., sec. 523; Mansf. Dig., secs. 4797 to 4800.*

The commissioners should have partitioned the land, allowing owelty if necessary, or should have stated why the land could not be divided. *Story Eq. (13th ed.), pp. 662, 663, secs. 654, 651, and notes; Daniels Chy. Pr. (4th Am. ed.), 1156, 1157; Freeman on Cot. and Part., sec. 522.*

*Oscar D. Scott* for appellee.

Appellee should have been allowed ten per cent interest on the amount paid on the purchase money notes. *Sec. 6401*

*Mansf. Dig.* As to the payee, Russell and McGee were principals. As between themselves, each was principal for one half and *surety* for the other half.

As to the legality of the action of two of the commissioners, see *sec. 6365 Mansf. Dig; 36 Ark., 446.*

The commissioners exceeded their authority in attempting to award owelty. *Daniel Chy. Pr., 1157 (4th ed.)* No fair division could be made, and it was proper to order the lands sold.

FLETCHER, Special Judge. In October, 1878, George W. Russell and Thomas T. McGee purchased the land in controversy, for which they agreed to pay $6000, and jointly executed six promissory notes therefor, bearing interest at the rate of 10 per cent per annum from date until paid. Both parties moved upon, improved and cultivated the land; most of the improvements were made and most of the land was cultivated by Russell, who also paid the taxes and three of the notes first falling due, after their maturity.

In May, 1881, Russell filed the complaint in this case against McGee, in which he asked for a partition of the land, that an account be taken of the amounts paid by him for purchase money, taxes and improvements, and of the rents of the land cultivated by him and McGee, and that whatever might be found due him be declared a lien on McGee's interest in the land.

McGee filed an answer and cross-complaint, in which he denied many of the charges of Russell for improvements, and set up counter claims for improvements made, work done and money expended for the benefit of the land, and also for money had and received on his account by Russell, which he claimed as a credit on the amounts paid out by Russell, and asked relief similar to that prayed in Russell's complaint.

The master, to whom the cause was referred by the court, stated an account between the parties and reported a balance in favor of Russell. To this report numerous exceptions were filed by both parties; the court overruled all the exceptions but the eleventh, twelfth and thirteenth, filed by McGee, which were sustained.

Both parties have appealed.

The first four exceptions by Russell were because the master allowed McGee credit for two amounts and interest which were not specifically set forth in his cross-complaint; as to one of these amounts there was no dispute. And as to the other, proof was introduced before the master by both parties, and while good pleading would have required a more specific statement, there was no surprise to Russell and no injustice was done him.

Russell's ninth exception, was because the master only charged McGee with interest at 6 per cent on the amount paid for purchase money of the land, instead of 10 per cent. And the argument to sustain his contention here, is based upon section 6401 Mansfield's Digest, which says: "When any bond, bill or note for the payment of money or delivery of property shall not be paid by the principal debtor according to the tenor thereof, and such bond, bill or note, or any part thereof, shall be paid by the surety, the principal debtor shall refund to the surety the amount or value with interest thereon at the rate of 10 per centum per annum from the time of payment." This statute evidently refers to sureties in the common or technical meaning of that term. Russell and McGee were joint debtors. It is true that for the purpose of contribution, each joint debtor is regarded as the principal debtor for that part of the debt which he ought to pay, and as surety for his co-debtor as to that part of the debt which ought to be discharged by him (*Brandt on Suretyship, sec. 25*), but this statute is of that class, which will not be extended in its application so as to

1. INTEREST:

Construction of statute: Joint debtors.

embrace cases not within the plain meaning of the terms used. *Brandt on Suretyship, sec: 515; Nations v. Roberts, 20 Ala., 544; Sedgwick on Construction of Statutory and Constitutional Law, 267, et seq.*

In the case of *Memphis & L. R. R. R. Co. v. Dow, 7 Supreme Court Reporter, 482*, on appeal from the Circuit Court of the United States for the Eastern District of Arkansas, it was held, that a person seeking to be subrogated to the right of the original creditor as to a lien or incumbrance which he had been compelled to pay off for his own protection, would only be entitled to interest on the amount paid at the rate provided by law, and not at the higher rate which the obligation paid off bears.

All other exceptions as to the master's report, overruled by the court, related to questions of fact, about most of which the evidence was conflicting, and as to which we think the master, in his findings, has exercised an impartial and discriminating judgment.

Three commissioners were appointed by the court to partition the land, who reported that they had been unable to make an equal division, and allowed McGee the sum of $1317 to make his share equal in value to the part allotted to Russell; this report on exceptions filed by Russell was set aside by the court, because the commissioners allowed owelty to McGee, and it was referred back to the commissioners with instructions, if necessary, to call to their assistance a surveyor, and that if an equal division could not be made, to allow owelty, or if partition could not be made without great prejudice to the parties, the commissioners should so report. Two of the commissioners, at the next term of the court, reported that they had called to their assistance a surveyor, made a careful examination of the land, and found it so situated that partition could not be made without great prejudice to both

McGee v. Russell.

parties.    To this report McGee filed exceptions, but the court overruled his exceptions and decreed a sale of the land.

The land is in one body and contains 2330 acres.    No fact or circumstance is shown by the report, why this large tract cannot be divided.    Each party had the right to insist that his interest in the land, be set apart to him in kind, in so far as it can be done without material detriment to the interest of the other.    It may be that the land, as the commissioners say, is so situated as to render a division impracticable ; if so, the report should show the facts on which they base their conclusions, so that the court may be able to determine whether or not it is well founded.    *Harden v. Cogswell, 5 Heiskell, 549.*    In the absence of such showing it seems to us unreasonable—almost incredible—that partition cannot be made in this case.

<div style="float:right">2. PARTITION :

C o m mission-
er's report.</div>

The decree of the court in so far as it relates to the master's report is affirmed.    The decree sustaining the report of the commissioners, and ordering a sale of the land is reversed, with instructions to appoint new commissioners, and such other proceedings, not inconsistent with this opinion, as may be necessary.

The receiver will be required to settle his accounts with the court below.


BATTLE, J., did not sit in this case.