## MOORE *v.* WILLEY.

### Opinion delivered December 16, 1905.

1. PARTITION—PROCEDURE.—While the statutory procedure in partition cases must be followed in a suit at law, such is not the case in equity, the statutory remedy being cumulative only. (Page 318.)

2. SAME—PROOF ON DEFAULT.—Failure of the defendant in a partition suit to answer does not dispense with the necessity of proof; the statute (Kirby's Digest, § 5775) providing that "the petitioner shall nevertheless make out his case by exhibiting to the court the evidences of his title." (Page 319.)

3. SAME—WHEN SALE ORDERED.—Where a complaint in a partition suit in equity asked "that the lands be partitioned as the law in such case provides, and, if not susceptible of division, that the same be sold," etc., a finding that a sale is necessary should be based on the consent of parties, on the report of commissioners, or on evidence heard by the chancellor. (Page 320.)

4. SAME—PARTIES.—One who holds a vendor's lien on land held in common is not a necessary party to a proceeding to partition the land. (Page 320.)

Appeal from Arkansas Chancery Court; JOHN M. ELLIOTT, Chancellor; reversed.

STATEMENT BY THE COURT.

G. F. Willey and others brought a suit in equity in the chan-

cery court of Arkansas County against Mary K. Moore, for the partition of certain lands in that county owned jointly by plaintiffs and defendant as tenants in common. The defendant filed no answer, and the court heard the case on the complaint and the deeds exhibited therewith, and found that two of the plaintiffs were each the owner of an undivided 11-30 interest in the land, another plaintiff the owner of 1-15 interest, and that the defendant was the owner of an undivided 1-5 interest in the land; that the land was "not susceptible of division among the respective parties according to their respective interests therein without great prejudice to said owners." He therefore ordered, in substance, that the lands, for the purpose of division, be sold in bulk on a credit of three months, and that the sale be reported to the court for confirmation, and that the commissioner hold the proceeds subject to the further orders of the court.

The defendant appealed from the judgment.

*Taylor & Jones,* for appellants.

1. The court erred in directing a sale of the land without first appointing commissioners as provided by law. Kirby's Digest, § § 5778 to 5785 inclusive. Until report by them that partition can not be made without great prejudice to the owners, the court is without authority to order a sale. 49 Ark. 109.

*Austin & Danaher,* for appellees.

1. Appellant made no objection below, and did not ask for the appointment of commissioners. She cannot be heard to object now. Kirby's Digest, § 1233; 68 Ark. 75.

2. The complaint alleged that partition could not be made without great prejudice to the owners, and no answer was filed. The only question before the court is the sufficiency of the allegations of the complaint. 44 Ark. 60.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment ordering lands sold for the purpose of partition. It was alleged in the complaint that the lands could not be partitioned in kind without great prejudice to the owners thereof. The defendant filed no answer, and the chancellor, without referring the question to commissioners, found from the allegations in the complaint alone that partition could not be made in kind without great prejudice, and ordered a sale, and the question before us is whether the undenied allegation in the complaint is

sufficient to justify the court in making the order for a sale of the premises. We may admit that the court had jurisdiction, and that the order was not void, but this is a direct attack by appeal, and the question is, was there error in the proceeding?

The question is not free from doubt. As the Code provides that material allegations in a complaint which are not denied by the answer are to be taken as true, and as no answer was filed in this case, we were first inclined to the opinion that the judgment of the chancellor was right.

But the procedure in proceedings for partition is regulated by statute in this State. An examination of the statute will show that the failure of the defendant to answer does not dispense with the necessity of further proof, for it provides that, if default be made, "the petitioner shall nevertheless make out his case by exhibiting to the court the evidences of his title." Kirby's Digest, § 5775. Again the statute provides that, if judgment for partition be rendered, no sale shall be made unless the commissioners appointed to make partition report that partition of the land cannot be made without great prejudice to the owners thereof. If they make such report, "the court may, if satisfied that the report is just and correct," order a sale of the premises for partition. Kirby's Digest, § § 5779-5785.

Now, while the procedure required by this statute must be followed by the law courts in partition proceedings before them— for in the absence of the statute such courts would have no jurisdiction to entertain such cases—with the courts of equity this is not altogether true, for it was long ago decided that these statutes do not take away the original jurisdiction of the chancery courts. The remedy provided by the statute is cumulative only. *Patton v. Wagner,* 19 Ark. 233. For this reason, we do not think the mere failure of the chancery court in this case to appoint commissioners to ascertain whether the land could be divided rendered its judgment void. In cases where there is doubt as to whether partition can be made we think it is well to appoint commissioners who can examine the premises and ascertain the facts and make report. But there may be cases where the facts show plainly that no partition in kind could be made without prejudice to the owners. For instance, suppose a brick store and the lot on which it is located is owned by several

parties jointly. In such a case, where proper allegations are made in the complaint, we think that the chancellor might well hear the evidence and make the order for a sale without a reference or the appointment of commissioners. But, while it was not absolutely necessary for the court to appoint commissioners to ascertain whether partition could be made without a sale, we think that the court should have required some further showing before ordering the sale. We have already called attention to the fact that our statute in reference to partition does not allow the failure of the defendant to answer to dispense with proof on the part of the plaintiff. Now, at common law, while courts of equity had jurisdiction to order a partition of land, they had no power to order a sale of the land for that purpose, unless by consent. Freeman's Cotenancy & Partition, § 15; 15 Enc. Plead. & Prac. § 813. Some of the American courts hold that courts of equity in this country have that power, independent of statute. But the order to sell the premises, says Mr. Freeman, "should not be made until the court has entered its interlocutory judgment determining that the parties are entitled to partition, and has also, after making the proper inquiries, decided that a partition cannot be made without prejudice to the owners. An order of sale, where the record fails to show the existence of these preliminary steps, cannot support a sale made thereunder, when exceptions are taken and interposed to its confirmation." Freeman on Cotenancy & Partition, § 543.

The prayer of the complaint in this case seems to recognize the fact that some investigation should be made as to whether a sale was necessary, for it asks "that the lands be partitioned as the law in such cases provides, and, if not susceptible of division, that the same be sold," etc. In other words, it asks for a sale only in event it be found that a partition in kind cannot be made without prejudice. Something more under our statute than the allegations of the complaint should be required to show this. The finding that a sale is necessary should be based on the consent of parties, the report of commissioners, or upon evidence heard by the chancellor.

The fact that Mr. Danaher, as trustee, held a vendor's lien on the land did not make him a necessary party to the proceedings for partition. The proceedings for partition did not affect his lien. Besides, the court ordered the sale made subject to his lien.

We are of the opinion that the chancellor in this case should have referred the matter to commissioners, as provided by statute, or should have himself heard evidence and determined whether the lands could be partitioned in kind or not. We therefore conclude that so much of the decree as directed a sale of the land in this case is erroneous. The judgment as to the sale is therefore reversed, with an order that the court hear evidence or refer the question to commissioners to examine the lands and determine whether partition in kind can be made without prejudice, and for other proceedings.