### FLEMING *v.* CARDWELL.

Opinion delivered May 24, 1909.

TRUSTS—COMMISSIONER PURCHASING AT SALE.—Where commissioners in a suit for partition reported to the court that the property could not be divided, and thereupon the court appointed another to make the sale, such commissioners occupied a relation towards the property which prevented them from purchasing at the sale.

Appeal from Greene Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*Johnson & Burr,* for appellant.

1. The complaint states a cause of action under Kirby's Dig. § 5789. Cardwell and Bray were commissioners to make partition, and the purchase and sale were void. *Ib.* § § 5778-9, 5780-1-2-3 and 4.

2. As commissioners, their relations were inconsistent with being purchasers. 112 S. W. 373-381. Their duties created a trust. Kirby's Dig. § 5781.

3. Sound policy forbids one who has a duty to perform with reference to a sale to become a purchaser. *Brown* v. *Nelms,* 112 S. W. 373; 20 Gratt. (Va.) 1; Kirby's Dig. § 5789.

*J. D. Block,* for appellee.

Reviews Kirby's Digest, §. § 196-7, 5789, 5778, etc., and 86 Ark. 368, and contends that commissioners under § 5778 are not inhibited from purchasing. The demurrer was properly sustained.

HART, J. William Barr died seized of certain lands in Greene County, Arkansas. His heirs at law brought suit in the Greene Chancery Court for partition of the lands. William Guine Fleming, the plaintiff herein, and his brother, C. V. Fleming, who were his grandchildren, and who each inherited an undivided one-eighth interest in his estate, were parties to the suit. John R. Thompson, J. F. Cardwell and E. S. Bray were appointed commissioners to examine and make partition of said lands. Thompson failed to qualify as commissioner; but Cardwell and Bray proceeded to act, and reported to the court that said lands could not be divided. Their report was duly approved and confirmed. G. T. Breckenridge, clerk of the court, was then appointed as commissioner to make the sale of the lands. Said Cardwell and Bray became purchasers at the sale. Upon their paying the purchase price, the court directed a deed to be made to Cardwell and Bray, which was accordingly done, and the sale to them was by the court duly approved and confirmed. Subsequently C. V. Fleming died, intestate, leaving the plaintiff herein as sole heir at law. Bray conveyed his undivided half interest to Cardwell.

The present bill was filed by the plaintiff, William Guine Fleming, against the defendant, J. F. Cardwell, to set aside said sale, and to cancel the deed from G. T. Breckenridge as com-

missioner to J. F. Cardwell and E. S. Bray as a cloud on his title.

The defendant filed a demurrer to the bill, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and, the plaintiff electing to stand upon his complaint, a decree was rendered dismissing it for want of equity. The plaintiff has duly prosecuted an appeal to this court.

The only question presented by the record is, should the sale be set aside because the commissioners appointed by the court to partition the land became the purchasers at a sale of the land decreed to be made for the purpose of partition?

We think the question should be answered in the affirmative. It is not claimed that there was any actual fraud in the purchase; but we are of the opinion that commissioners appointed by the court to make partition belong to the forbidden class who may not purchase at all, however fair their intentions. The rule stands upon grounds of public policy, and "upon our great moral obligation to refrain from placing ourselves in relations which ordinarily excite a conflict between self-interest and integrity." The primary object of a partition suit is a division of the land. As was said in the case of *McGee* v. *Russell,* 49 Ark. 104: "In proceedings for partition of land, each party has a right to have his interest set apart in kind, so far as can be done without material detriment to the interest of the other; and where the commissioners report that they cannot make partition without great prejudice to both parties, they should state the facts on which their conclusion is based."

The duties of the commissioners are more than evidentiary. They act in an advisory capacity to the court. In equity, if necessary, they may allow owelty, or call to their assistance a surveyor in making their report; and they must make a careful examination of the land. While their report is subject to the approval of the court, it is apparent that they act not as mere witnesses, but as advisers of the court. Their services are paid for by the estate to be divided. They do not act merely as a conduit for the collection of facts to be carried to the court, but they are required to exercise judgment and give to the court their

conclusions based upon these facts. In short, they have an official duty to perform in ascertaining whether the lands are susceptible of division in kind without great prejudice to the owners. Their official connection in respect to the matter gives them special opportunities and advantages in regard to the lands not possessed by any one else not similarly situated. It is their duty to protect the interest of the owners, which, as we have seen, is primarily a division of the land, and from the faithful discharge of this duty no personal interest should be permitted to withdraw them. In this conflict of interests the law interposes. To permit them to advise the court to order the lands sold, and then to become purchasers at the sale, would be to open the doors to concealed fraud. It might become a temptation to advise a sale when none was necessary. It is no answer to this to say that their advice is subject to the approval of the court. If the court must weigh their testimony as it does that of witnesses, it is idle to say that they act in an advisory or official capacity.

Hence we think they have a duty to perform in relation to the property which is inconsistent with the character of purchaser on his individual acount.

We have been cited to no case, and after diligent search have been unable to find any case directly in point; but we think the rule we have announced is in accord with the principles declared in adjudicated cases by this court where similar questions have been involved. *Brown* v. *Nelms,* 86 Ark. 368; *West* v. *Waddill,* 33 Ark. 575; *Livingston* v. *Cochran,* 33 Ark. 294.

The decree is reversed, and the cause is remanded with directions to overrule the demurrer.

Mr. Chief Justice McCULLOCH and Mr. Justice BATTLE dissent.