BRIGGS *v.* JACOBS.

5-1399; 5-1432                     309 S. W. 2d 201

Opinion delivered January 27, 1958.

*Brown & Compton,* for appellant.

*Spencer & Spencer,* for appellee.

PAUL WARD, Associate Justice. Prior to 1937 W. G. Lippmin and W. F. Lippmin (brothers) jointly owned a 3 acre parcel of land near the city of El Dorado. W. F. Lippmin died in January, 1937, leaving as his only heirs three minor children who are the appellees. In 1939 W. G. Lippmin, as the duly appointed guardian for the three minor children, secured a court order to sell their own-half interest in said parcel of land. The land was accordingly sold to W. G. Lippmin's sister who, in less than two months, deeded the land to him — W. G. Lippmin, the guardian.

On May 5, 1942 W. G. Lippmin deeded the parcel of land to Harold Briggs, and on April 23, 1954 appellees (the three children) filed suit against Harold Briggs to quiet title in them to an undivided one-half interest, asking for an accounting of rents, and for a division of the land or a sale thereof. After getting a deed to the land in 1942, Briggs has ever since paid the taxes and operated a night club thereon.

A trial was had in March of 1955 and about a year later the Chancellor entered a decree in favor of appellees on all issues, and ordered an accounting, which was later made by a master appointed for the purpose. No appeal was perfected by Briggs from the above decree.

On March 20, 1957 the trial court ordered the property sold and the proceeds divided, but this order was later rescinded when appellant objected that no commissioners had been appointed. On June 21, 1957 the commissioners theretofore appointed by the court reported that the land could not be divided in kind without great prejudice to the owners. This report was approved and the land ordered sold by the court over the objections of appellant.

## Case No. 1432

Appellant has appealed from the refusal of the trial court to set aside the order last above mentioned. It is appellant's contention that the commissioners report, wherein they found the land could not be di-

vided in kind, was fatally defective because the report did not state the reasons for their conclusion. In support of this contention appellant relies on language found in *McGee* v. *Russell*, 49 Ark. 104 (at page 109), 4 S. W. 284. In this we do not agree with appellant. In the cited case over 2,000 acres of land were involved and this court said, in effect, there should have been some explanation to the court why the land could not be divided. It also appeared in the cited case that the trial court had twice ordered the land divided if possible to do so. In the case under consideration we are faced with an entirely different set of facts. Here the land involved consisted of only 3 acres on which is located a house. These facts were made known to the court during the trial of the case and were sufficient, in the absence of proof to the contrary (and there is none in the record), to justify the court in ordering a sale. In fact the court would have been justified, in view of the above testimony given at the trial, in ordering a sale without appointing commissioners. See: *Moore* v. *Willey*, 77 Ark. 317, 91 S. W. 184, and *Arnold* v. *Arnold*, 193 Ark. 109, 97 S. W. 2d 634, wherein we held it was not necessary in all cases for the court to appoint commissioners to ascertain whether partition could be made without a sale. In *Ingram* v. *Raiford*, 174 Ark. 1127 (at page 1139), 298 S. W. 507, in this connection we quoted with approval from another one of our decisions as follows: " 'Chancery courts may order a sale of property, if necessary to effect an equitable division thereof among the owners, upon evidence other than, and wholly independent of, a report of commissioners'."

We note also that the decision in the *McGee* case, *supra*, seems to rest on the case of *Harden* v. *Cogswell*, 5 Heiskell 549, cited therein. In reading the *Harden* case (from Tennessee) we find it was construing a statute of Tennessee which is very different from our own.

The order of the trial court in appeal case 1432 is affirmed.

## Case No. 1399

During the progress of the litigation set forth above, and more than two years after the question of divesting appellant of his title had been finally submitted to the court, the wife of Harold Briggs, Jean Briggs, on April 5, 1957, filed an intervention on the ground that she had a dower interest in the said parcel of land and also an equal equitable interest with her husband, and asked . . . "that the decree of this court quieting and confirming title to one-half (½) interest in the above described property in the plaintiffs, and the decree of this court ordering a partition and sale of said property should be set aside and held for naught. . ."

On motion of appellees, the trial court dismissed the intervention of Jean Briggs, and she prosecutes this appeal.

The trial court was correct in taking the action it did. The intervention of Harold Briggs' wife was in effect a motion to set aside a decree of the Chancery Court which had become final for the reason that no appeal had been prosecuted. Before the trial court would have been justified in setting aside its former decree it would have been necessary for Jean Briggs to assert a meritorious defense. This she wholly failed to do, but was obligated to do under Ark. Stats. § 29-509, and the decision in *Nichols* v. *Arkansas Trust Company,* 207 Ark. 174, 179 S. W. 2d 857, applying said statute.

Affirmed.