L. T. ALSTON *v.* BERTHOLA D. ALSTON

5-4232                                415 S. W. 2d 578

Opinion delivered June 5, 1967

*Odell C. Carter,* for appellant.

*Brockman & Brockman,* for appellee.

PAUL WARD, Justice. This is a divorce action involving a property settlement.

The parties were married October 4, 1941 and lived together until August 30, 1963. On July 3, 1965 Berthola D. Alston (wife, appellee) sued L. T. Ralston (husband, appellant) for a divorce and a portion of appellant's real and personal property. She alleged appellant left her in August, 1963 and that he treated her with indignities, and refused to support her.

On July 28, 1965 appellant filed an Answer and a Cross-complaint. He admitted leaving appellee but denied all allegations of indignities and non-support. He also asked for a divorce on the ground of indignities.

There was a trial on April 11, 1966, and the trial court found: (a) appellee was entitled to a divorce; (b) appellee was entitled to the statutory allowance in appellant's real and personal property, and; (c) the clerk was appointed to sell said properties and divide the proceeds.

Appellant filed a Motion stating that the real property was susceptible of division in kind, asked the court to appoint Commissioners to divide the real property and give appellee a life estate in a one-third of it. The Motion was denied, and the court entered a Decree in favor of appellee in accord with its findings previously mentioned.

*On appeal* appellant urges two principal points for a reversal. *One.* The trial court erred in granting appellee a divorce. *Two.* The trial court erred in refusing to appoint commissioners to divide the real estate in kind.

*One.* Appellant here appears to rely on two arguments.

First, appellee admitted that much of their trouble arose over the fact that appellant allegedly fathered a child by another woman more than five years before the inception of this litigation. It is the position of appellant that since this "incident" happened more than five years before suit was filed, it could not be a valid ground for divorce under Ark. Stat. Ann. § 34-1208 (Repl. 1962) which says that the cause of divorce must have existed within five years before suit is filed. This is not however a valid argument in this case. Appellee does not rely on the "incident" as the sole ground for a divorce, although she does admit it was the source of many arguments which continued while they lived together. Also, there was testimony of other grounds for a divorce.

Secondly, appellant contends that the court, in granting appellee a divorce erred as a matter of law and also found against the weight of the evidence. For reasons hereafter set out, we cannot agree with this contention.

Appellee first relies as a matter of law, on *Kientz* v. *Kientz*, 104 Ark. 381, 149 S.W. 86 from which he quotes:

"It is the duty of the husband to support and maintain his wife, even though they may live separately, and apart, *if such separation does not result through her fault.*" (Emphasis ours.)

Before appellant can take advantage of that argument he must first prove appellee was to blame for his leaving, and that is one of the issues here.

It is next contended that there was no corroborating testimony to support any other grounds for a divorce, and again we cannot agree.

At the close of the case the trial court made comprehensive findings consisting of five printed pages in the record. Among other things the court made these findings. "The plaintiff testified the defendant went to Hot Springs for treatment of a venereal disease, and the evidence supports her statement on this point." "However, the court is of the opinion that all of the testimony, when taken together, establishes a pattern of neglect on the part of the defendant toward the plaintiff that entitles the plaintiff to an absolute divorce from the defendant."

Appellee testified appellant often stayed out at night without any explanation. A neighbor testified that she had on many occasions seen appellant at the home of the woman who had given birth to his child, and that these visits extended up to 1963. Another witness said she had seen appellant and the woman above mentioned together at a local night club. Still another witness, who lived in the home of the parties at the time of the separation in 1963, testified appellant would curse and become violent toward appellee.

Considering the record as a whole, and realizing the trial court's opportunity to observe the witnesses and evaluate their testimony, we are unwilling to say the court erred in granting appellee a divorce.

"*Two.* As previously pointed out, the trial court ordered the real property sold and the proceeds divided between the parties, and denied appellant's motion to have the property divided in kind by appointed appraisers.

We have concluded that it was error for the trial court to refuse appellant the right to have appraisers appointed to see if the land could be divided in kind. The right of a land owner to have a partition, if feasible, before it is sold is statutory. In the early case of *Moore* v. *Willey*, 77 Ark. 317, 91 S.W. 184 (a suit for partition), we said:

"But the procedure in proceedings for partition is regulated by statute in this State."

The court then proceeded to point out that "We do not think the mere failure of the chancery court in this case to appoint commissioners to ascertain whether the land could be divided rendered its judgment void." Following that statement the Court said:

"In cases where there is doubt as to whether partition can be made we think it is well to appoint commissioners who can examine the premises and ascertain the facts and make report."

We think the above procedure should have been followed in this case. Here there was no testimony on which the trial court could make (and did not attempt to make) a judgment as to the divisibility of the land in kind. The case under consideration here can be distinguished from the case of *Champion* v. *Champion,* 238 Ark. 87, 378 S.W. 2d 648 (relied on by appellee) where this Court said:

"Of course, a Chancery Court has full authority to order a sale of property, *provided the proof is satisfactory that no division in kind can be made...*" (Emphasis ours.)

It cannot be said here that such proof was made.

The cause is therefore reversed on the second point, and it is remanded for further proceedings consistent with this opinion.

Reversed and remanded.