Marion O'MARY and Nell O'MARY *v.*
Joe T. DUNN and LaVerne DUNN

76-332                                     547 S.W. 2d 758

Opinion delivered March 21, 1977
(Division II)

*William J. Wynne,* of *Crumpler, O'Connor & Wynne,* for appellants.

*William I. Prewett,* of *Brown, Compton & Prewett, Ltd.,* for appellees.

ELSIJANE T. ROY, Justice. The parties to this action owned as tenants in common a parcel of land 30' x 71.62', and their respective businesses were located adjacent to the South end of this parcel. Appellants petitioned the court, pursuant

to Ark. Stat. Ann. § 34-1801 (Supp. 1975), requesting partition of the small tract according to their respective interests or, in the alternative, sale of the land and distribution of the proceeds if it were found the land was not susceptible to division in kind without prejudice to either party.

The court, after hearing testimony, accompanying counsel to the site and viewing the area, entered a judgment of partition and appointed three commissioners pursuant to Ark. Stat. Ann. § 34-1815 (Repl. 1962) to make a report to the court. The commissioners filed a complete and detailed report pursuant to statutory requirements finding the property to be divisible in kind "without prejudice or damage to the rights and claims of either of the litigants" and allotting the South half of the parcel to appellees and the North half to appellants.

Thereafter appellants filed objections alleging great prejudice would result to them since their portion was not contiguous to adjacent lands they owned and further because a prescriptive roadway ran across their half. The court overruled their objections and ordered execution of the deeds of partition. It is from this order that appeal is taken.

We note the court, accompanied by counsel, personally viewed and examined the land in question and the manner in which the building of each party was situated with respect to the adjacent property they owned. The court then appointed three commissioners, all approved by the litigants, who concluded that the property was capable of division without prejudice or damage to either interest. Although not bound by these findings, the court accepted them after concluding that the commissioners had made an equitable division.

The court in overruling appellants' objections to the partition stated:

> * * * The Court finds that there are no new matters contained in these pleadings. The existence of the roadway was known to both parties at the time of trial and was known to the Commissioners.

> * * *

\* \* \* If plaintiffs had pleaded and proved . . . that the lands were not divisible in kind, the Court could have ordered a sale without appointment of Commissioners to ascertain a fact which had already been adjudicated. \* \* \*

Appellees had a television antenna located on the partitioned property and a door from their establishment opening on to the South half allotted them. Appellants did not have anything of this nature on the property in question.

59 Am. Jur. 2d Partition § 117, p. 861 (1971), states *inter alia:*

The well-settled rule is that the action of commissioners in partition will not be set aside on the ground of unequal allotments except in extreme cases, as where the partition appears to have been made upon wrong principles, or where it is shown by very clear and decided preponderance of evidence that the partition is grossly unequal. \* \* \*

Although differences of opinion might arise as to the division made by the commissioners, confirmed by the trial court, we find they were in a better position to make the determination than is this Court. On review of the record we cannot say the chancellor's determination that no great prejudice resulted to either party is against the preponderance of the evidence.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.