Fannie VANHOOK *v.* Dennis VANHOOK et al

CA 80-152                                    603 S.W. 2d 434
Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*R. D. Rouse*, for appellant.

*Joe M. Fore*, for appellees.

ERNIE E. WRIGHT, Chief Judge. The appellant Fannie
VanHook, a former wife of appellee Lewis N. VanHook, filed

a complaint in the chancery court for partition sale of 180 acres of timber land in which she had upon divorce been awarded dower in Lewis' one-sixth undivided interest. Appellees Dennis VanHook, who owns a one-third interest, Samuel VanHook, who owns a one-third interest and Lewis N. VanHook, who owns a one-sixth interest filed an answer alleging the lands were susceptible of division in kind and requested that if a partition were granted commissioners be appointed to accomplish such a division. The defendant Mary Crafton, also former wife of Lewis, who owns an undivided one-sixth interest by virtue of a deed from her former husband filed no pleading.

The court appointed three commissioners and with the aid of a surveyor and forester, who they employed for technical assistance, filed a report showing the land was susceptible of division in kind into three parcels of equal value. Two of the parcels containing 55 acres each were allocated to Dennis VanHook and Sam VanHook, Jr., and one parcel of 70 acres was allocated to Lewis N. VanHook and Mary Crafton with the appellant Fannie VanHook owning a dower interest in Lewis' one-half interest. The commissioners reported that none of the three tracts could be further equitably partitioned.

After commissioners' report was filed a hearing was had at appellant's request, the testimony of the three commissioners was heard along with testimony of the forester employed by the commissioners and another forester called by appellant. Appellant contended the entire tract should be sold and her life interest in a one-eighteenth share distributed to her. There was opinion testimony by the two foresters that the land would sell for more enmasse than it would for in smaller tracts. There was no testimony that any differential in the sale proceeds would be in a substantial amount. There was testimony that a larger number of prospective buyers would be interested in smaller tracts.

After the hearing the court approved the commissioners' report but modified it to take five acres from the land awarded Dennis and Samuel VanHook, giving them jointly 105 acres, and adding the five acres to the parcel awarded to

Lewis VanHook and Mary Crafton with Lewis' interest being subject to the dower interest of appellant. The latter tract containing 75 acres was ordered sold. No issue is raised on appeal as to the modification of the commissioners' report by adding five acres to the portion of the land in which appellant has a dower interest.

For reversal appellant argues first, that the chancellor was biased in favor of Dennis and Samuel VanHook.

We find nothing in the record to support the contention the chancellor was biased in favor of any of the parties. Appellant filed no motion to disqualify the trial judge, and there is no indication of any circumstances disqualifying the trial judge under Article 7, § 20 of the Constitution or Ark. Stat. Ann. § 22-113. The fact that a judge may have an opinion as to the merits of the case does not constitute prejudicial bias. 46 Am. Jur. 2d, Judges § 168-169. The point is not supported by convincing argument or authority and it is not apparent how the appellant was prejudiced by asserted bias on the part of the trial judge. The court on appeal accepts as correct the decisions of the trial court which the appealing party does not show to be wrong. *Hazen* v. *City of Booneville*, 260 Ark. 871, 545 SW 2d 614 (1977).

The decree was in keeping with the commissioners' report except for the slight modification which inured to appellant's benefit, and there was no evidence warranting rejection of the commissioners' report.

Secondly, the appellant contends the lands are not subject to partition in the manner decreed, and that the entire tract must be sold.

The chancellor found the land could be equitably divided into three parcels as described by the commissioners' report, with the slight addition to the parcel in which appellant was allocated her interest, but that the 75 acre parcel assigned to Lewis N. VanHook and Mary Crafton with dower interest to appellant in Lewis' one-half interest, could not be further equitably divided. The commissioners' report and substantial oral testimony support the finding of

the chancellor, and we cannot say the finding of the chancellor was clearly erroneous. Rule 52, Rules of Civil Procedure.

The court was correct in appointing commissioners to determine whether the property could be divided and if so to make appropriate allocation of the land. *Alston* v. *Alston*, 242 Ark. 804, 415 S.W. 2d 578 (1967), Ark. Stat. Ann. (Repl. 1962) § 34-1815.

No owner of a fee interest in the land sought sale of the entire tract, and such a sale was opposed by all of the free owners who filed a pleading. The court found it would be in-equitable to the major fee owners to force a sale of all of the land in view of the commissioners' report that the lands could be divided in kind into three separate parcels of equal value, but that the parcel awarded to Lewis VanHook, Jr. and his two former wives could not be further divided in kind. The commissioners' report and evidence support the findings of the court. In *O'Mary* v. *Dunn*, 261 Ark. 323, 547 SW 2d 758 (1977), the court quoted with approval from 59 Am. Jur. 2d, Partition, § 116 (p. 861) as follows:

> The well settled rule is that the action of commissioners in partition will not be set aside on the ground of une-qual allotments except in extreme cases, as where the partition appears to have been made upon wrong prin-ciples, or where it is shown by very clear and decided preponderance of evidence that the partition is grossly unequal.

While there may well be difference of opinion as to the division made by the commissioners and confirmed by the court, with a small modification in favor of appellant, the commissioners and trial court were in a better position to make the determination than is this court and we cannot say the record reflects error prejudicial to appellant. *O'Mary* v. *Dunn*, supra.

Affirmed.