Virginia **DORAZIO** *v.*
Nettie Pauline Dortch **DAVIS**

CA 84-146                                    671 S.W.2d 173

Supreme Court of Arkansas
Opinion delivered June 25, 1984

*Rose Law Firm,* by: *Kenneth R. Shemin* and *Richard T. Donovan,* for appellant.

*John P. Corn,* for appellee.

GEORGE ROSE SMITH, Justice. The plaintiff, Nettie Pauline Dortch Davis, and the defendant, Virginia Dorazio, are sisters who are tenants in common of certain lands inherited from their father, Robert L. Dortch. In August, 1978, Mrs. Davis brought this partition suit in the Lonoke Chancery Court with regard to 110 acres of the common property, the complaint alleging that the land could not be divided in kind and asking that it be sold. Mrs. Dorazio's answer admitted the cotenancy but asserted that the parties were in such unequal bargaining positions that a partition by sale would be oppressive.

After a hearing on May 24, 1979, the chancellor entered a decree on September 5, 1980, ordering partition and appointing three commissioners to divide the land in kind if possible and, if not, to report back to the court. After a long delay the commissioners reported on June 3, 1983, that the 110 acres cannot be divided in kind for a number of reasons, one being that there is a large house on the land. The chancellor approved the report on the same day and ordered a sale. Mrs. Dorazio, however, filed a pleading objecting to the proposed sale, asserting that the commissioners' report was merely advisory, and asking that she be given an opportunity "to present evidence to refute the Report of the Commissioners as is her right."

Chancellor Jim Hannah set the matter for a hearing on July 21, 1983. Counsel for the plaintiff appeared with the commissioners, prepared to defend their finding that the 110 acres cannot be divided in kind, but opposing counsel offered no testimony to the contrary, despite the request for an opportunity to do so. Instead, counsel merely stated, with no supporting proof or offer of proof, that the 110 acres comprised only part of the land owned in common by the two sisters, and "our position is that if partition is required, we want and we think we are entitled as a matter of law the entire acreage owned as tenants in common be partitioned, and that's simply our position today." The trial judge expressed his inability to understand why the point had not been raised four years earlier. His ensuing order found that the defendant had been given the opportunity to present evidence and had declined, denied the motion to stay the sale, and set a new date for the sale. The defendant filed a notice of appeal to the Court of Appeals and obtained a stay in the trial court by making a supersedeas bond.

When the record was filed on the last day of the full seven months allowed by law, the appellant filed with it a motion to remand the case for a new trial, on the ground that a transcript of the hearing held in June, 1979, could not be obtained. In opposing the motion to remand, the appellee argues that notice of appeal should have been given within 30 days after partition was ordered in September, 1980. The appellee has also filed a motion to affirm as a delay case. The Court of Appeals certified both motions to us, as involving the construction of procedural rules and statutes. Rule 29 (1)(c).

Both motions must be denied.

First, the motion to remand. The notice of appeal was timely, for the 1980 order appointing commissioners was not a final order. Hence the notice of appeal filed in 1983 brings up for review earlier interlocutory orders in the case.

Even so, nothing would be accomplished by a remand. It must be emphasized that an admitted cotenant has an absolute right to a partition of the property. *Ward* v. *Pipkin,*

181 Ark. 736, 27 S.W. 2d 523 (1930). Mrs. Dorazio originally opposed the partition because the parties' bargaining positions were supposedly unequal, but we have said that a party's absolute unconditional right to partition cannot be defeated by a showing that a partition would be inconvenient, injurious, or even ruinous to an adverse party. *Schnitt* v. *McKellar*, 244 Ark. 377, 389, 427 S.W. 2d 202 (1968). Hence if any proof about the parties' positions was actually introduced at the 1979 hearing, it could not be controlling.

Alternatively, the 1979 hearing might have touched upon the other issue raised by the answer — whether the 110 acres can be divided in kind. Mrs. Dorazio has certainly had her day in court on that issue. She requested a hearing for the express purpose of refuting the commissioners' finding and then declined to offer proof on the subject. She is not entitled to still another opportunity to explore that issue.

Finally, there has in fact been no proper showing of any need to remand the case for a new trial. Counsel argue, on the basis of our holding in *Holiday Inns* v. *Drew*, 276 Ark. 390, 635 S.W. 2d 252 (1982), that a new trial is required when the record cannot be prepared (in that case because the court reporter's equipment malfunctioned). Our procedural rule, however, contemplates that when, as here, a transcript is unavailable, the appellant may prepare a statement of the evidence "from the best means available." Ark. R. App. P. 6 (d). Here the lawyer who represented Mrs. Dorazio at the May, 1979, hearing has merely stated, in a two-sentence affidavit, that although he recalls the witnesses who testified he cannot recall the substance of their testimony. Since the witnesses themselves would be the best means of reconstructing their testimony, we find no showing of diligence. Moreover, we cannot help noting that after Mrs. Davis's absolute right to partition has been delayed in the courts for six years, the appellant is asking that the whole process be started again on account of an omission not shown to have any subtantial materiality. To sustain such a contention would be a miscarriage of justice.

Second, the motion to affirm as a delay case. A motion

of this kind is recognized both by statute, Ark. Stat. Ann. § 27-2141 (Repl. 1979), and by our own rules. Rule 4. Even so, both the statute and the rule require that counsel for the appellee endorse on the record a statement that be believes the appeal is prosecuted for delay. No effort has been made to comply with this requirement. The requirement, being penal, must be strictly observed; so it is not our practice to penalize an appellant for delay when the requirement has not been met. *Hollaway* v. *Pocahontas Fed. S. & L. Assn.*, 230 Ark. 310, 323 S.W. 2d 204 (1959). The motion to affirm must be denied.

The two motions are denied, and the case is returned to the Court of Appeals for further proceedings.

ADKISSON, C.J., and HICKMAN, J., not participating.