Roderic M. BELL, Sr., Roderic M. Bell, Jr., Jerome C. Bell, Frances B. Bell and Mattye H. Acuff *v.* Doris J. WILSON

88-306                                              768 S.W.2d 23

Supreme Court of Arkansas
Opinion delivered April 17, 1989

416

*Ball, Mourton & Adams*, by: *Phillip A. Moon*, for appellant.

*Epley & Epley, Ltd.*, by: *Lewis E. Epley, Jr.*, for appellee.

STEELE HAYS, Justice. In 1966 William A. Hill and Theodore F. Mariani, as trustees for "Georgetown Associates," purchased some 323 acres of land in Benton County.[1] On January

---

[1] The boundaries of Benton County were later changed by the legislature and the tract now lies in Carroll County.

14, 1967, Theodore F. Mariani, William A. Hill, Dr. Charles F. Hufnagel, Dr. John F. Gillespie, and Roderic M. Bell, Sr., entered into a joint venture agreement under the name of "Georgetown Associates" for the purpose of acquiring and developing the 323 acres of land. Subsequent to the execution of the joint venture agreement, the real property's acreage was reduced by various conveyances, and now consists of approximately 215 acres of land.

In 1969, Doris J. Wilson, the appellee, purchased an interest in the joint venture from Dr. John Gillespie. Over the years various members of the joint venture transferred their interest resulting in the appellants Roderic Bell, Sr., Roderic Bell, Jr., Jerome Bell, Frances Bell, and Mattye Acuff—collectively owning an 87.5% undivided interest. Doris Wilson, the appellee, owns the remaining 12.5% interest.

The appellants filed a complaint for dissolution of the joint venture and sought only to have the jointly held property sold at public auction, with the proceeds divided among the joint venturers. Doris Wilson counterclaimed, seeking a partition in kind of her 12.5% undivided interest. The chancellor held that a 12.5% portion of the real property could be partitioned in kind "without great prejudice to the owners," and appointed five commissioners,[2] pursuant to Ark. Code Ann. § 18-60-414(a) (1987), to conduct the partition. The chancellor also ordered Doris Wilson to pay the appellants $1,611.06 for her share of the taxes, insurance, property improvements, maintenance, repairs, and fire protection for the last five years.

On December 29, 1987, the commissioners filed a unanimous report with the court. The appellants moved to set aside the report, renewing their argument that the property could not be divided in kind. The court considered this motion on February 9 and 23 of 1988. After hearing testimony from Mr. Russell Atchley, chairman of the commissioners, as to the method and manner of partitioning the land, the chancellor confirmed the commissioners' report. An order approving the Commissioners'

---

[2] Three commissioners were first appointed and when one declined to serve the number was increased to five—one selected by the appellants, one by the appellee, and one by the chancellor pursuant to a stipulation.

Deed was later issued. The appellants appeal from the chancellor's order confirming the commissioner's report arguing that the commissioner's report should be set aside.

The appellee has moved to dismiss the appeal as untimely, thus, the threshold issue is whether the case must be affirmed on that basis. The chancellor ordered partition in a decree filed on December 31, 1986. Appellee points out that notice of appeal was filed on April 27, 1988, well past the thirty day period for filing notice of appeal. Appellee relies on *Smith* v. *Smith*, 235 Ark. 932, 362 S.W.2d 719 (1962), where the partition decree was entered on April 15, 1961, and the order of confirmation on January 16, 1962. The court held in *Smith* that the partition must be affirmed because no notice of appeal was filed within thirty days of the partition decree: "A decree partitioning land is a final decree from which an appeal could have been prosecuted." See *Branstetter* v. *Branstetter*, 130 Ark. 301, 197 S.W. 688 (1917).

■ However, more recently in *Dorazio* v. *Davis*, 283 Ark. 65, 671 S.W.2d 173 (1984), we recognized that a decree ordering partition either in kind or by a sale and division of the proceeds is not a final order from which an appeal must be taken. We think that is the better view, as it avoids multiple appeals. We expressly overrule *Smith* v. *Smith*, and those cases holding that the appeal must be taken at an interlocutory stage in the proceedings.

Turning to the merits, the appellants first contend the decree ordering partition simply directed the commissioners to partition the land, and thus restricted their discretion in determining whether the land was susceptible of partition without great prejudice to the owners. The appellants argue that the commissioners were unaware of their statutory duty to report back to the court if they deemed that a partition could not be accomplished fairly. Ark. Code Ann. § 18-60-415(a) (1987) provides:

> The commissioners shall immediately proceed to make a partition according to the judgment of the court, unless it shall appear to them or a majority of them, that partition of the premises cannot be made without great prejudice to the owners.

By relying on the subordinate language in this statute, the appellants' argument would shift the authority to weigh the

equities and to determine if partition in kind can be accomplished from the chancellor to the commissioners. We believe that position is contrary to our partition scheme and to our case law. See *McNeely* v. *Bone*, 287 Ark. 339, 698 S.W.2d 512 (1985).

Under our statutory scheme the chancellor ordinarily initially determines the interests of the parties and whether partition should be ordered. Those issues having been resolved, the chancellor may then appoint commissioners to partition the land, if possible, according to the interests previously determined. Of course, if the complexities of the case are such that the commissioners deem it impossible to partition the land, they report back to the court and the chancellor then decides whether to confirm, set aside, or remand that report, the final decision resting with the chancellor. In this case, the position of the appellants from the outset was that the land should be sold, rather than partitioned in kind. That being so, the question of partition in kind was the paramount issue at the trial consuming three days. The question was thoroughly developed by lay and expert testimony, as well as by photographs, charts and topographical maps of the terrain. At the end of that proceeding the chancellor announced his finding that the property could be partitioned in kind and that finding was fully supported by the evidence. The chancellor then issued a decree of partition and appointed commissioners to make the partition in kind. While it is true, as appellants contend, that Mr. Atchley testified that the commissioners did not consider "as a body" whether the property could be partitioned without great prejudice to the owners, he also testified that he was familiar with the partition statutes, that he reviewed the statutes after the commissioners met and, notably, that he believed the partition which the commissioners arrived at did not cause great prejudice to the owners. That testimony with the directive of the chancellor that the commissioners consider both the quality and quantity of the tract to be divided, given its highest probative force, permits an inference that the commissioners were not unaware that they had the option to report back that the property was incapable of division in kind.

We recognize that in practice the chancellor initially determines the interests of the parties and whether partition, either in kind or through a sale, should be had, and does not ordinarily decide whether partition in kind is appropriate before the

commissioners are appointed. But we find nothing in our statutory scheme that renders that order of procedure inflexible. In fact, the use of the word "may" rather than "shall" in Ark. Code Ann. § 18-60-414 (1987), suggests that the deployment of commissioners is permissive.

The appellants also argue that neither the chancellor, nor the commissioners considered the appellants' separate and distinct interests before partitioning the land. The partition statutes do require the court to take into consideration the respective rights and interests of the parties to the action. However, the appellants did not seek a partition in kind. Therefore, the chancellor considered himself without proper authority to divide their interest in kind and thus considered their remaining interests collectively.

Again, the crux of appellants' argument focuses on their contention that the property was incapable of being equitably divided. As previously stated, this is a question for the chancellor. The commissioners might have partitioned the land, believing that there were only two owners of the property, but the chancellor was aware of the separate interests, and no doubt considered all these interests when he approved the commissioners' report. After hearing the report of the commissioners, and the evidence presented, the chancellor found and declared that the commissioners made a fair and just division of the property. Considering the commissioners' report, and the conflicting testimony as to whether the land could be partitioned, the chancellor's finding does not appear to be clearly erroneous. We think the commissioners and the trial court were in a better position to make that determination, *O'Mary* v. *Dunn*, 261 Ark. 323, 547 S.W.2d 758 (1977), and accordingly the decree is affirmed.