William Grady MAGNESS *v.* COMMERCE BANK of St. Louis

CA 92-1490 and CA 92-1491 853 S.W.2d 890

Court of Appeals of Arkansas
Division I
Opinion delivered May 19, 1993
[Rehearing denied June 23, 1993.]

*Adams, Nichols & Evans*, by: *Donald J. Adams*, for appellant.

*Davis & Goldie*, by: *Steven B. Davis*, for appellee.

JUDITH ROGERS, Judge. This case involves a parcel of real property which is situated in both Boone and Marion Counties. Appellee, Commerce Bank of St. Louis, N.A., trustee of the Guy N. Magness Residuary Trust, obtained partial summary judgments giving it immediate possession of the real property in ejectment and unlawful detainer actions filed in both counties against appellant, William Grady Magness (Guy Magness' brother). The cases have been consolidated for purposes of appeal. We agree with the circuit judge that no genuine issue of material fact remained for trial with regard to the issue of possession and affirm.

On July 19, 1985, the circuit judge for Marion and Boone Counties partitioned three tracts of land, one of which is involved in the present litigation. Those actions were consolidated, and appellee's predecessor, Ella Mae Magness, ancillary executrix

for the estate of Guy N. Magness, deceased, and individually, was the plaintiff; appellant and his wife, Ruth Magness (now deceased), were the defendants. The parties to that suit owned the tracts of real property as tenants in common. On February 15, 1985, five months before the entry of the partition order, appellant informed Commerce Bank of St. Louis County (to which appellee is the successor in interest and which acted as trustee under the last will and testament of Guy Magness) that he had an agreement with his deceased brother, Guy Magness, that he could use the land involved herein without paying rent if he paid the taxes thereon. Commerce Bank of St. Louis County responded to that letter on February 20, 1985, and acknowledged that appellant's understanding of the agreement regarding the property was "consistent with the explanation given . . . by Mrs. Magness."

In the partition order entered in July 1985, the parcels of property were partitioned in kind, and the parties were ordered to exchange quitclaim deeds conveying their interests in the parcels of land within ten days from the date of the order. The partition order did not recognize nor award appellant any leasehold interest in the property involved in this action. Although the partition order required appellant and his wife to grant the property involved in this litigation to Ella Mae Magness, they refused to do so, and the circuit clerk issued a deed fulfilling their obligation. The clerk's deed, dated August 7, 1985, was issued to Commerce Bank of St. Louis County (appellee's predecessor) as trustee under the last will and testament of Guy Magness; the record contains little explanation of the reason why the clerk's deed was issued to Commerce Bank of St. Louis County, rather than to Ella Mae Magness. However, the record does reflect in a February 1985 letter from Commerce Bank of St. Louis County to appellant that Guy Magness' interest in the property had passed into his trust administered by that bank.

The record does not contain a copy of the order approving the clerk's deed. The record also contains no evidence that appellant appealed from the order confirming the clerk's deed, which was the proper order from which to file an appeal in the partition action. *Bell* v. *Wilson*, 298 Ark. 415, 418, 768 S.W.2d 23, 24-25 (1989). (A decree ordering partition is not a final order from which an appeal may be taken.)

In November 1985, Commerce Bank of St. Louis County sent the following letter to appellant:

> As a follow-up to my letter of November 6, I again wanted to inquire as to whether you have any interest in buying the trust's share of the two pieces of real estate in Arkansas. Before proceeding with the listing of the two pieces of property with a local real estate broker, we did want to give you the first opportunity to consider purchase of the same. If we do not hear from you, we will proceed with the appropriate listing. During that period of time while these properties may be listed for sale, you are welcome to continue to use the properties as in the past, your consideration to us being the payment of our real estate taxes. It should be understood however that no lease is involved and that should the property be sold, use of the property would immediately pass to the new purchaser. In other words, in exchange for your paying our taxes, you will continue to have the use of the both properties, only until such time as the property is sold. At that time, the new owner would have complete use of the property from the date of his purchase forward.
>
> Please do advise as to what interest if any you have in both of our properties.

In January 1986, Commerce Bank of St. Louis County, as trustee under the last will and testament of Guy Magness, deceased, successfully quieted title to the real property; appellant, however, was not a party to that action. On September 25, 1991, appellee sent notice to appellant that it had entered into a contract to sell the real property and demanded that he vacate it within thirty days. Appellant refused to do so.

In January 1992, appellee filed complaints in Marion and Boone Counties seeking possession of the property and damages for unlawful detainer. Appellee attached to the complaint copies of the 1985 partition order, the clerk's deed, the quiet title order, the November 1985 letter from Commerce Bank of St. Louis County to appellant, and appellee's September 1991, notice to appellant that he vacate the premises within thirty days. In his answer, appellant asserted that he had a lease agreement with his deceased brother whereby he could possess the premises for the

duration of his life if he maintained the land and paid the real estate taxes thereon.

Appellee then moved for partial judgment on the issue of the right to possess the property and reserved the issue of damages for a trial. In its motion, appellee stated that appellant had failed to appeal from the decision in the partition suit and argued that the issue of possession was, therefore, precluded by the doctrine of res judicata from being subsequently litigated. Appellee also argued that appellant's assertion of a lifetime interest in the real property in an oral agreement with Guy Magness, who died prior to the partition action, violated the status of frauds.

In response to appellee's motion for partial summary judgment, appellant asserted that a material question of fact remained as to his purported leasehold interest in the property and filed copies of three letters. The first letter was from appellee's predecessor, Commerce Bank of St. Louis County, to appellant and was dated February 6, 1985. It stated:

> As you will recall, Dr. Magness's 1/2 interest in the Arkansas properties, has passed into his trust administered by this bank. Specifically, I refer to the 396 acre farm that overlaps between Marion County and Boone County as well as the 4 acre piece there in Boone County, there by Bull Shoals Lake. It is my understanding from Mrs. Magness that you have paid all of the taxes on these two properties, and this was confirmed through calls to the tax collectors at both Marion County and Boone County. To complete our records, I would be obliged if you would forward copies of the paid tax receipts. If this is inconvenient, you could forward the originals in the envelopes provided, and I in turn would make copies returning the originals to you.

> From my conversations with Mrs. Magness, it is my understanding that historically, payment of the taxes on these properties has been incurred in full by you in exchange for the complete use of the parcels without rent. If this is not the case or if you have some other understanding as to an agreement with Dr. Magness as it applies to the burden of the payment of taxes, please do advise me.

The second letter attached by appellant to his response to the motion for partial summary judgment was from appellant to Commerce Bank of St. Louis County and dated February 15, 1985. In that letter, appellant stated:

> There was an agreement between me and my brother, Dr. Guy N. Magness, that I could use the land without rent as long as I wished if I kept the taxes paid.

> You may or may not know that there is no record of deeds from my Grandfather for the 40 acres or 2 acres in Boone County.

> The 4 acres you mention, includes the 2 acres, is really less than 3 acres, however, I am paying taxes for 3 acres.

The third letter was dated February 20, 1985, and was from Commerce Bank of St. Louis County to appellant. It stated: "Thank you for your letter reply of February 15, as to your understanding of the agreement for use of the various properties and arrangements for payment of taxes. This is consistent with the explanation given to me by Mrs. Magness."

The circuit judge granted partial summary judgments to appellee on the grounds that the lifetime leasehold interest asserted by appellant was barred by the statute of frauds and that appellant was collaterally estopped from asserting this interest. The circuit courts stated: "Even if the [appellant] has held a valid leasehold interest in the subject real property, said leasehold interest was terminated by the Clerk's Deed conveying the subject property . . . on or about August 7, 1985." A hearing was later held on the issue of damages, and the circuit judge entered judgments for appellee in the amount of $2,381.92, with damages of $225.00 to accrue each month until appellant surrendered possession of the property.

Appellant asserts that the circuit judge erred in granting the partial summary judgments because the series of letters filed by appellant in response to appellee's motion revealed a question of material fact for trial. Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Watts* v. *Life Ins. Co. of Ark.*, 30 Ark. App. 39, 41,

782 S.W.2d 47, 48 (1990). Once the moving party makes a prima facie showing of entitlement to summary judgment, the party opposing summary judgment must meet proof with proof by showing a genuine issue as to a material fact. *Hughes W. World, Inc.* v. *Westmoor Mfg. Co.* 269 Ark. 300, 301, 601 S.W.2d 826, 827 (1980).

 Under the claim preclusion aspect of the doctrine of *res judicata*, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Daley* v. *City of Little Rock*, 36 Ark. App. 80, 82, 818 S.W.2d 259, 260 (1991). *Res judicata* bars not only the re-litigation of claims which were actually litigated in the first suit but also those which could have been litigated. *Id.* Where a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Swofford* v. *Swofford*, 295 Ark. 433, 435, 748 S.W.2d 660, 662 (1988). The doctrine of *res judicata* applies only when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question. *Cater* v. *Cater*, 311 Ark. 627, 632, 846 S.W.2d 173, 176 (1993).

 Arkansas Code Annotated § 18-60-401 (1987) provides for the filing of a complaint for the partition of land by any person having "any interest in, and desiring a division of, land held . . . in common . . . ." This statute also states that "all persons interested in the property" who have not united in the petition shall be summoned to appear. It is clear, from the letters offered by appellant in response to appellee's motion for summary judgment, that appellant was asserting a lifetime leasehold interest granted to him by his deceased brother several months before the property was partitioned. The partition order, however, did not recognize such an interest on the part of appellant, and the clerk's deed conveyed all of appellant's interest in the property to Commerce Bank of St. Louis County. In the deed, the circuit clerk expressly stated that she conveyed to Commerce Bank of St. Louis County "all of the right, title, interest, equity and estate of any and all parties to [that] action" in the described real property. Appellant was one of those parties, and all of his interest in the property, including the right of possession, was

therefore conveyed by that deed. When appellant failed to appeal from the order confirming the deed, it became final and protected by the doctrine of res judicata. *Gideon* v. *Gideon*, 268 Ark. 873, 875-76, 596 S.W.2d 367, 368 (Ark. App. 1980). *See also Robertson* v. *Cunningham*, 207 Ark. 76, 80, 178 S.W.2d 1014, 1016 (1944).

■■■■ Further, the issue of possession was necessarily involved in the previous action for partition: "To entitle one to have partition of lands, he must not only have title but have possession, either actual or constructive, of the land which he asks to have partitioned." D.R. Varn, *Supplement to Jones' Arkansas Titles* § 1354 (1959). Here, the parties in the 1985 partition suit held the property as tenants in common. One of the characteristics of a tenancy in common is that each tenant has the right to occupy the premises, and neither tenant can lawfully exclude the other. *Graham* v. *Inlow*, 302 Ark. 414, 419, 790 S.W.2d 428, 431 (1990). A decree of partition has no other effect than to sever the unity of possession; it does not vest in either of the cotenants a new or different title. *Brown* v. *Smith*, 240 Ark. 1042, 1048, 405 S.W.2d 249, 252 (1966). *See also* D.R. Varn, Supplement to Jones' Arkansas Titles § 1361.

We therefore agree with the circuit judge that appellant's assertion of a lifetime leasehold interest in the property in question could have been litigated in the previous partition action to which appellant was a party. Accordingly, the doctrine of *res judicata* bars appellant's assertion of such an interest in the present action. Because we affirm the circuit judge on the issue of *res judicata*, we need not address the question of whether appellant raised an issue of fact regarding the statute of frauds.

Affirmed.

PITTMAN and MAYFIELD, JJ., agree.