Robert Harold KINKEAD and Joyce Kinkead *v.* Carol and Kinkead SPILLERS and Jeannine Lea Kinkead Mathis, Hon. Ellen Brantley, Fifth Division Chancery Court of Pulaski County, Arkansas

97-1302                                                                 955 S.W.2d 909

Supreme Court of Arkansas
Opinion delivered December 4, 1997

*Joyce Kinkead,* for petitioners.

No response.

PER CURIAM. Petitioners Robert Harrold Kinkead and Joyce Kinkead petition this court for a writ of mandamus to Chancellor Ellen B. Brantley, Fifth Division Chancery Court of Pulaski County, directing that she enter a final order in this matter. We grant the writ.

On March 17, 1997, this court handed down an opinion in this matter in which we dismissed the appeal of the Kinkeads without prejudice for failure to appeal from a final order. *See Kinkead v. Spillers,* 327 Ark. 552, 940 S.W.2d 437 (1997). In our opinion, we made specific mention of a judgment lien in favor of intervenor Boatmen's National Bank of Arkansas, which, according to the record before us, had not been resolved with regard to

the proceeds derived from the sale of the land at issue. We specifically stated that the Boatmen's claim was not merely collateral to the Kinkeads' claim.

According to the record before this court filed in conjunction with the Kinkeads' petition for a writ of mandamus, after the chancellor's order entered on September 10, 1996, which approved the commissioner's deed in this matter, the lien of Boatmen's was satisfied. On October 9, 1996, the chancellor of the Second Division Chancery Court of Pulaski County entered an order releasing funds received from the sale of the land and held by the Chancery Clerk to Boatmen's, and the bank subsequently released its judgment lien against the land.

Following this court's opinion on March 17, 1997, the Kinkeads moved Chancellor Brantley for entry of a final judgment from which they could appeal. By letter opinion dated June 3, 1997, and by order entered August 19, 1997, Chancellor Brantley made it clear that she disagreed with the opinion of this court. The chancellor stated in her order:

> The Supreme Court found that the Defendants' appeal was premature as not having been made from a final order, as asserted by Intervenor. However, the parties' briefs apparently did not sufficiently impress upon the Supreme Court that a final order (the order of September 10, 1996), *had been entered* but *after the order appealed from* and that the matter of Intervenor's lien had been fully addressed therein. Therefore, this Court having already entered a final order which was not appealed from, there is nothing more required of this Court. (Emphasis in the original order.)

In her specific order, she stated: "The Court finds no need to make any further orders in this case."

Without a final order, the Kinkeads are unable to perfect their appeal. The Fifth Division Chancery Court is directed to enter a final order forthwith incorporating her order of September 10, 1996, and describing the resolution of intervenor Boatmen Bank's judgment-lien claim.

Writ granted.