Harold RIGSBY *v.* Brett RIGSBY

99-1126                                        11 S.W.3d 551

Supreme Court of Arkansas
Opinion delivered March 2, 2000

*Eddie N. Christian Law Office*, by: *Joe D. Byars, Jr.*, for appellant.

*Davis & Cox*, by: *James O. Cox*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This case involves a motion for rule on the clerk. In support of a request that the clerk of this court be ordered to file the record in this case, appellant Harold Rigsby asserts that his notice of appeal from an amended decree was timely because the second notice of appeal should relate back to the filing date of a first notice of appeal from the original decree. Alternatively, appellant asserts that his appeal should be dismissed without prejudice for lack of a final order. Because we agree that there is neither a final order under Ark. R.

App. P.—Civil 2, nor proper certification by the trial court under Ark. R. Civ. P. 54(b), we dismiss the appeal without prejudice for lack of finality.

Brett Rigsby filed a complaint in the Chancery Court of Logan County on October 27, 1997, against his father, Harold Rigsby, which alleged that he was entitled to an equitable one-half interest in certain real property owned by Harold Rigsby. Specifically, the complaint stated that Brett Rigsby had jointly entered into a debt on the property, thereafter making all payments due on the debt, and that he had constructed substantial improvements on the property which increased its value. Brett Rigsby asserted that he had thereby acquired a one-half interest in the property. His complaint also requested an order directing partition of the real property and a division of proceeds between the plaintiff and defendant, inasmuch as the property could not be divided in kind. Brett Rigsby further prayed that a constructive trust be placed on one-half of the proceeds from any sale of the property by Harold Rigsby, and asked for one-half of the proceeds from the sale of cattle belonging to Harold Rigsby. Appellant Harold Rigsby filed an answer denying the allegations contained in Brett Rigsby's complaint, and also filed a counterclaim for ejectment that sought an award of a judgment in favor of Harold Rigsby for sole possession of the property and dismissal of Brett Rigsby's claims against him.

On April 28, 1999, the trial court entered a decree finding that the real property was the property of the partnership between Brett and Harold Rigsby. The trial court also found that Harold Rigsby was entitled to a credit in the amount of $12,606.25 "should the property ever be sold" to compensate him for his down payment on the property and the reduction in principal on an earlier note prior to its satisfaction. The trial court awarded the proceeds from the sale of the cattle exclusively to Harold Rigsby in paragraph nine (9) of the decree, but in the final paragraph of the decree ordered that the proceeds from the sale of the cattle be divided equally between Brett and Harold Rigsby. In an amended decree filed on May 11, 1999, the final paragraph was changed to award the proceeds of the sale of the cattle to Harold Rigsby.

Harold Rigsby appealed the trial court's April 28, 1999 decree by a notice of appeal filed on June 10, 1999. This first notice of appeal was untimely with regard to the April 28, 1999 decree.

However, Harold Rigsby filed a second notice of appeal on July 28, 1999, in which he asserted that he was appealing from the May 11, 1999 amended decree rather than the April 28, 1999 decree, and that his first notice of appeal was intended to reflect the same. Because the June 10, 1999 notice of appeal would have been timely as to the May 11, 1999 amended decree if that decree had been designated in the first notice of appeal, Harold Rigsby argues that his second notice of appeal should relate back to the filing date of the first notice of appeal. When the Supreme Court Clerk refused to accept the record in this case, Mr. Rigsby filed a motion for rule on the clerk. That motion was submitted as a case in order for this court to decide whether the later notice of appeal from the amended decree could relate back to the filing date of the first notice of appeal that erroneously designated the original decree. On further review, we agree with Mr. Rigsby's alternative argument that his appeal should be dismissed without prejudice because no final judgment has been entered in this case.

A final judgment is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. Ark. R. App. P.—Civil 2(a); *Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999); *Haase v. Starnes*, 337 Ark. 193, 987 S.W.2d 704 (1999). In the instant case, the trial court's order awarded Brett Rigsby an equitable interest in the property, but failed to grant or deny the requested relief of partition. We have consistently concluded that a failure to comply with the statutory requirements for partition deprives an order of finality, and precludes this court from properly reviewing the case on appeal. Ark. Code Ann. §§ 18-60-412 *et seq.* (1987); *Looney v. Looney, supra; see also Bell v. Wilson*, 298 Ark. 415, 768 S.W.2d 23 (1989); *Dorazio v. Davis*, 283 Ark. 65, 671 S.W.2d 173 (1984)(declaring that an initial order of partition is not a final order from which an appeal may be taken). Further, there was no attempt to comply with Ark. R. Civ. P. 54(b), which allows entry of a final judgment as to one or more of the parties or claims but fewer than all of them and permits an appeal upon a determination by the trial court that there is no just reason for delay. The failure to comply with this rule, or to adjudicate all of the claims against all of the parties, is jurisdictional and renders the matter not final for purposes of appeal. *Corbit v. State*, 334 Ark. 592, 976 S.W.2d 927 (1998).

Because there has been no final determination on the propriety of partition, we cannot proceed to decide the current appeal.

Appeal dismissed without prejudice.