

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-15-554

| | |
|---|---|
| ALEX COLUMBUS ROME III, and MICHAEL ROME<br><br>APPELLANTS<br><br>V.<br><br>WALTER RATLIFF, ELNORA RATLIFF, ADA B. RATLIFF, WARDELL RATLIFF, and VALERIE M. AZUMARA<br><br>APPELLEES | **Opinion Delivered** April 6, 2016<br><br>APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. CV-2013-40]<br><br>HONORABLE RICHARD MOORE, JUDGE<br><br>APPEAL DISMISSED |

## CLIFF HOOFMAN, Judge

Appellants Alex Columbus Rome III and Michael Rome appeal from the circuit court's order of partition. Appellees Walter Ratfliff, Elnora Ratliff, Ada B. Ratliff, Wardell Ratliff, and Valerie M. Azumara have also cross-appealed from the partition order. On appeal, appellants argue that the circuit court committed reversible error by (1) finding that the estate of the parties' grandfather, Alex Columbus Rome, should be distributed to the grandchildren in equal shares when he predeceased both his lineal heirs; (2) finding that the cattle should be distributed in equal shares to the grandchildren; and (3) denying appellants any credit against the cattle sales for the services they performed to preserve and improve the common estate. On cross-appeal, appellees argue that the circuit court's finding that there was insufficient evidence to determine the ownership or value of the farm equipment should be reversed and remanded. We must dismiss the appeal and the cross-appeal without

prejudice because the partition order is not a final, appealable order.

On July 16, 2013, appellees filed a complaint for declaratory judgment, restraining order, and partition against appellants. In their complaint, appellees requested that the circuit court partition a forty-acre parcel of real property in Perry County that had been owned by the parties' grandfather, Alex Columbus Rome, who died intestate in 1972. Appellees alleged that the property should be divided into seven equal shares, one for each grandchild. Appellees further alleged that the farm equipment and livestock on the property should be divided equally between the parties. In addition, appellees requested an accounting of all property that had been sold by appellants since their grandmother's, Ada Rome's, death in 2010 and a restraining order preventing appellants from disposing of any additional property.

After several hearings in the case, the circuit court entered an order on January 23, 2015, granting appellees' request that the real property and the cattle be partitioned and that the proceeds be distributed in equal shares to each of the seven grandchildren. The court set forth a twenty-one-day period following the entry of the partition order during which the parties could agree to a division of the livestock or the land; otherwise, the property was ordered to be sold at public auction. The circuit court also appointed a commissioner to conduct the sale and oversee the division of the proceeds. With regard to the farm equipment, the court found that there was insufficient evidence presented from which it could determine ownership. Appellees filed a notice of appeal from the order of partition on February 19, 2015, and appellants filed a notice of cross-appeal on February 25, 2015.

On appeal, appellants argue that the circuit court committed reversible error in finding

SLIP OPINION

that the real property and cattle should be distributed in equal shares to each of the parties. We are unable to reach the merits of appellants' arguments at this time, nor do we address the merits of appellees' argument on cross-appeal, because the partition order was not a final, appealable order.

The issue of whether an order is final is a jurisdictional matter, and it is one that this court must consider even if the parties themselves do not raise it. *Feagin v. Jackson*, 2011 Ark. App. 236; *Trafford v. Lilley*, 2010 Ark. App. 158. Pursuant to Arkansas Rules of Appellate Procedure–Civil 2(a)(1) (2015), an appeal may be taken only from a final judgment or decree entered by the circuit court. Both this court and our supreme court have held that an order of partition, either in kind or by a sale and division of the proceeds, is not a final order from which an appeal may be taken. *Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999); *Bell v. Wilson*, 298 Ark. 415, 768 S.W.2d 23 (1989); *Feagin*, *supra*; *Peterson v. Davis*, 2010 Ark. App. 794; *Trafford*, *supra*. Instead, we have stated that the proper order from which to appeal in a partition action is the order confirming the sale of the property. *Feagin*, *supra*; *Trafford*, *supra*.

In this case, the record does not reflect that there has been a sale of the property or that an order confirming the sale has been filed. Thus, the appeal is premature. Furthermore, although Rule 54(b)(1) of the Arkansas Rules of Civil Procedure (2015) allows a circuit court to direct the entry of final judgment as to fewer than all of the claims or parties by executing a certification that there is no just reason for delaying an appeal, no such certification was made in this case. Accordingly, because the order appealed from is not final, we dismiss the

appeal and the cross-appeal without prejudice.

Appeal dismissed.

KINARD and GLOVER, JJ., agree.

*Danny R. Williams*, for appellant.

*Branscum Law Offices*, by: *Herby Branscum, Jr.*, and *Elizabeth Branscum Burgess*, for appellees.