Cite as 2021 Ark. App. 277

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-20-316

| | | |
|---|---|---|
| BETTY CHARLES | | **Opinion Delivered** June 2, 2021 |
| | APPELLANT | |
| V. | | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52CV-19-145] |
| JAMES SHELTON ELLIS, TRUSTEE OF THE JAMES SHELTON ELLIS TRUST CUI 9/2/1998 | | HONORABLE DAVID GUTHRIE, JUDGE |
| | APPELLEE | |
| | | DISMISSED WITHOUT PREJUDICE |

## RAYMOND R. ABRAMSON, Judge

Betty Charles appeals the Ouachita County Circuit Court order of partition entered January 17, 2020. On appeal, Charles argues that the circuit court's determination of the property division was clearly erroneous and that the circuit court abused its discretion in denying Charles's request for a continuance. We must dismiss the appeal because it is not a final, appealable order.

Dr. James Shelton Ellis, trustee of the James Ellis Trust CUI 9/2/1998, filed a petition against Betty Charles to partition a parcel of land in Ouachita County. Ellis asserted he owned a four-sevenths (4/7) interest in the forty acres after buying the land from Arkansas Pulpwood Company, Inc., and Charles owned a three-sevenths (3/7) interest after acquiring her interest from two separate warranty deeds: one from Lucille Charles and one from Hudis

O. Hamilton and Carman Hamilton. After a hearing on the partition petition, in which Charles failed to appear, the circuit court found in favor of Ellis.

In its order, the circuit court appointed three commissioners to view the property to determine if it was susceptible to a division in kind proportionally in acreage and value. The court further ordered that if the property could not be divided equitably without diminishing the value, the court would then order a sale of the property. Charles filed a timely notice of appeal that designated the court's partition order, and this appeal followed.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Whether an order is final and subject to an appeal is a jurisdictional issue that this court will raise on its own. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003). The supreme court has specifically held that a decree ordering partition either in kind or by a sale and division of the proceeds is not a final order from which an appeal may be taken. *Bell v. Wilson*, 298 Ark. 415, 768 S.W.2d 23 (1989) *see also Rigsby v. Rigsby*, 340 Ark. 544, 11 S.W.3d 551 (2000); *Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999); *Kinkead v. Spillers*, 327 Ark. 552, 940 S.W.2d 437 (1997); *Magness v. Commerce Bank of St. Louis*, 42 Ark. App. 72, 853 S.W.2d 890 (1993). In both *Kinkead* and *Magness*, the appellate courts indicated that the proper order from which to file an appeal in a partition action is the order confirming the sale of the property. Because there has been no sale of the property in the present case, the appeal is premature.

Rule 54(b)(1) of the Arkansas Rules of Civil Procedure allows a circuit court, when it finds no just reason for delaying an appeal, to direct the entry of a final judgment as to

2

fewer than all the claims or parties by executing a certification of final judgment. Absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. Ark. R. Civ. P. 54(b)(2). No such certification was made in this case.

Because Charles has appealed from an order that contemplates further action by the parties and the circuit court, there is no final, appealable order before us. Consequently, we must dismiss the appeal without prejudice. *Peterson v. Davis*, 2010 Ark. App. 794.

Dismissed without prejudice.

HIXSON and MURPHY, JJ., agree.

*Betty Charles*, pro se appellant.

*Harrell, Lindsey & Carr, P.A.*, by: *Paul E. Lindsey*, for appellee.