Cite as 2025 Ark. App. 96

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-23-722

| | |
|---|---|
| EDDIE BUNCH AND DONALD BUNCH<br><br>V.<br><br>ANGELA RYLAND, ANNA LEE IVEY, THE UNKNOWN HEIRS OF DAVID FLOYD, AND THE UNKNOWN HEIRS OF LOUIS FLOYD<br><br>APPELLEES | Opinion Delivered February 19, 2025<br><br>APPEAL FROM THE WOODRUFF COUNTY CIRCUIT COURT<br>[NO. 74CV-19-70]<br><br>HONORABLE DANNY GLOVER, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**BART F. VIRDEN, Judge**

Eddie and Donald Bunch (the Bunches) appeal the Woodruff County Circuit Court order partitioning sixty acres of property among seven groups of family members descended from the original Floyd family siblings. The circuit court divided the property pursuant to the Uniform Partition of Heirs Property Act, codified at Arkansas Code Annotated sections 18-60-1001 to -1014 (Repl. 2015 & Supp. 2023), and on appeal, the Bunches argue that the circuit court erred in awarding an interest in the property to heirs who sought partition by sale. We dismiss without prejudice for lack of a final order.

On September 23, 2019, the Bunches filed suit for quiet title against Anna Lee Ivey and other unknown heirs of David Floyd and Louis Floyd. On May 21, 2020, Ivey filed a petition to determine that the property was heir property, as defined by the Act. The Bunches

amended their petition on July 22, 2021, arguing that they adversely possessed the sixty-acre property. Ivey responded and counterclaimed, requesting that the property be sold and the proceeds distributed because it was not possible to divide the property in kind. The Bunches filed an answer to the counterclaim objecting to the sale of the property and denying that Ivey had a claim on the property. On August 20, the circuit court entered an order denying the Bunches' petition for quiet title, finding that they had not adversely possessed the property. The court also ordered that the counterclaim would be decided separately. The Bunches moved for reconsideration, alleging that the court failed to consider evidence of events occurring from around 1960 to the early 2000s. The motion was denied. The Bunches timely filed a notice of appeal from the denial of their petition and the motion for reconsideration. On October 22, Angela Ryland moved to be substituted as the party in interest, and the circuit court granted the motion.

On May 23, 2022, the Bunches filed an amended answer to the counterclaim arguing that any dispute regarding the heir property must be resolved pursuant to the process outlined in Ark. Code Ann. § 18-60-1000 (Repl. 2015). The Bunches explained that this process was designed to keep heir property in the family, and they stated their desire to buy the property pursuant to Ark. Code Ann. § 18-60-107 (Repl. 2015).

On March 24, 2023, the Bunches subsequently filed a posttrial brief in which they argued that Anna Lee Ivey, Angela Ryland, and the other heirs they represent or represented should be barred from receiving any of the property because they improperly requested that it be sold.

On May 24, the circuit court entered an order determining that the property at issue is classified as heir property pursuant to Ark. Code Ann. § 18-60-1003(b) (Repl. 2015), noting that the land has been continuously farmed by the same family for one hundred years or more. The court found that the property must be partitioned according to Ark. Code Ann. § 18-60-1006 (Supp. 2023). The court found that pursuant to the Act, the circuit court has greater authority to partition the property and is not required to order the sale of the property. Pursuant to the court's direction, Ryland and the Bunches each presented a suggested division of the property, and the court found that Ryland's proposed partition addressed each of the elements required to be considered by Ark. Code Ann. § 18-60-1009 (Repl. 2015) and allocated each sibling group more or less equal, separate tracts. Contrastingly, the court found that the Bunches' proposal would "elevate the recent use over the use of prior generations." The court determined that each branch of the family has strong, deep ties to the land, and the Bunches' map would exclude the David Floyd branch of the family.

The court ordered Ryland to retain a surveyor to lay out the tracts, including easements to the main road and for utilities. The cost of the survey was to be split equally among the parties. The court also determined that the parties living on the land had a life estate of one acre each. The court ordered that "[u]pon obtaining these metes and bounds descriptions, the parties shall identify the persons to whom the Court should enter an order vesting title."

The Bunches timely filed their notice of appeal; however, Ryland argues that the circuit court's order is not final because a decree ordering partition, either in kind or by a sale and division of the proceeds, is not a final order from which an appeal may be taken. The Bunches argued that the circuit court's order is final because the sixty acres of land has been partitioned by Ryland's map, and the order fully determines how the property will be dispensed to the parties. The Bunches explain that under the Heirs Property Act, the goal is to keep the land within the family that had always owned it and prevent it from being sold to third parties. He asserts that because all property rights are settled, the order is final. We disagree.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. The supreme court has specifically held that a decree ordering partition either in kind or by a sale and division of the proceeds is not a final order from which an appeal may be taken. *Bell v. Wilson*, 298 Ark. 415, 768 S.W.2d 23 (1989); *see also Rigsby v. Rigsby*, 340 Ark. 544, 11 S.W.3d 551 (2000); *Looney v. Looney*, 336 Ark. 542, 986 S.W.2d 858 (1999); *Kinkead v. Spillers*, 327 Ark. 552, 940 S.W.2d 437 (1997); *Magness v. Com. Bank of St. Louis*, 42 Ark. App. 72, 853 S.W.2d 890 (1993). It appears that the issue of the interplay of Rule 2(a)(1) and the Act has not arisen on appeal until now. We hold that there are no provisions in the Act excluding it from Rule 2(a)(1), and we decline to create an exception.

Moreover, the test of finality is not whether the order settles the issue of title as a question of law. "To be final the decree must also put the court's directive into execution,

4

ending the litigation or a separable branch of it." *Festinger v. Kantor*, 264 Ark. 275, 277, 571 S.W.2d 82, 84 (1978). Here, the easements have not been determined, the surveyor's report may be challenged by the parties, and the distribution of the tracts themselves could become an issue. Further judicial action is contemplated before the titles to the parcels are legally in possession of the people who own it. For this reason, we dismiss the appeal without prejudice.

Dismissed without prejudice.

GLADWIN and MURPHY, JJ., agree.

*The Firm, PLLC*, by: *S.L. Smith*, for appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*; and *Buck C. Gibson, P.A.*, by: *Buck C. Gibson*, for separate appellee Angela Ryland.